## Case No. 1,893.

### BRISTOL v. SANFORD.

[12 Blatchf. 341;[1] 13 N. B. R. 78.]

Circuit Court, D. Connecticut. Sept. 15, 1874.

INSOLVENT CORPORATION—RIGHTS OF TRUSTEE AS CREDITOR — LIABILITY OF TRUSTEE FOR CORPORATION DEBTS—RIGHTS OF OTHER CREDITORS—SUIT BY ASSIGNEE IN BANKRUPTCY.

S., a trustee of a New York corporation, proved, as a creditor, a debt against the corporation, in bankruptcy. The assignee in bankruptcy filed a bill against S., in the district court for Connecticut, to exclude him from sharing in the distribution of the assets until the claims of all other creditors should be satisfied, on the ground that, by virtue of certain provisions of the statute of New York under which the corporation was organized, he had made himself liable for all the debts of the corporation: Held, that the assignee in bankruptcy did not represent the creditors of the corporation in respect of any claim they might have against S. growing out of such alleged liability, and could not maintain the suit; and that such creditors had no lien on the distributive share of S. in the assets, of the bankrupt corporation.

[Cited in Dutcher v. Marine Nat. Bank, Case No. 4,203; Platt v. Stewart, Id. 11,220; Jacobson v. Allen, 12 Fed. 457.]

Appeal from the district court of the United States for the district of Connecticut.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[In equity. Bill by Alfred Bristol, assignee in bankruptcy, against Samuel T. W. Sanford, to exclude defendant from participation in the proceeds of the bankrupt estate. The pro forma decree of the district court (case not reported) in favor of complainant was reversed, and the bill dismissed.]

Dexter R. Wright, for appellant.
John S. Beach, for respondent.

WOODRUFF, Circuit Judge. The complainant in this suit is the assignee of the Cheshire Barytes Company, in bankruptcy. That company was organized under the laws of the state of New York authorizing the formation of mining corporations. The defendant was one of the trustees of the corporation, and has proved, as creditor, a debt against the corporation, to an amount greater than the whole value of the property of the corporation which has come to the hands of the assignee. Other debts have been proved against the bankrupt, also exceeding in their aggregate the whole value of the said property. The bill herein is filed by the assignee, to exclude the defendant from any participation in the assets of the bankrupt, or, in form, to postpone him, in the distribution of the assets, to all the other creditors, denying to him any dividend until the other creditors are satisfied. The ground upon which this relief is sought is, that the defendant, as an officer of the corporation, failed to comply with the provisions of the statute of New York under which the corporation was organized, in this, that certain annual reports required by that statute to be made and filed, showing the condition of the company and its capital, contained false representations in respect thereto; and that, by the provisions of such statute, the officers, signing such reports knowing them to be false, are made jointly and severally liable for all the debts of the company. It is claimed, thereupon, that the defendant is himself liable for all the debts of the bankrupt, and that it is unjust and inequitable to permit him to share in the property of the bankrupt, and thereby leave the debts due to the other creditors who reside in the state of Connecticut unpaid; and that they, having a just claim against him for payment of their respective debts, ought not to be put to a suit against him to enforce that payment, and, especially, to go to another state for that purpose, when there is a fund here, on the credit of which (in part, at least,) the debts were contracted, which this court can administer as may be equitable, and which he now seeks, as creditor of the bankrupt, to withdraw.

The claim is a plausible one, and, upon the facts as they appear in the case, it is, in a popular sense, reasonable and just. But I cannot resist the conclusion that this complainant has misconceived his relation to

the subject. If the statute of New York had declared that such neglect of compliance with its provisions, or such violation thereof, should render the incorporation invalid and void, and that those associated therein should be deemed copartners and liable as such, then, indeed, it would have been the duty of the court of bankruptcy to reject the claim of the defendant to be considered a creditor, and to have distributed the assets in payment of the debts due to other persons, leaving the defendant and his associates to settle their accounts among themselves. Indeed, in such case, it would have been possible to proceed against all of the associates as bankrupts, as in ordinary cases of copartners. If the relief now sought was aimed at, perhaps the mode last suggested would, in such case, have been necessary. But, here, the corporate existence and indebtedness is assumed, and, in this bankrupt proceeding, it cannot be denied that the defendant is a creditor of the bankrupt. Nothing in the statute of New York deprives him of that character. He could, but for the bankruptcy, have sued the corporation and recovered the amount of his claim as a creditor. The bankrupt law prevents his action, drives him to proof of his debt, and, in terms, allows him his dividends. The defendant, therefore, stands in the bankrupt court with a clear title to recognition as a creditor of the bankrupt, and a legal right to a dividend of its assets. What is it now sought, in equity, to oppose to such legal right? This and this only: Each other creditor is claimed to have, and, for the present, will be assumed to have, a clear legal demand against the defendant, to the amount of his claim against the bankrupt, or, in other words, the defendant is individually liable for that identical claim. If that be so, each creditor may pursue the defendant for the enforcement of that demand. But, such fact vests no title, legal or equitable, in the assignee. He is in no such sense trustee of the creditors that he can prosecute such a claim. He does not represent those creditors therein, and no decree which this court can make, at his instance, in this suit, would bind those creditors. His action, in this respect, is gratuitous, and not devolved upon him by any provisions of the bankrupt law, nor by his duty to receive proof of debts and distribute the assets, under the direction of the bankrupt court, to those who make such proof. The defendant is not liable to the corporation. If any right, vested in the corporation, required that the defendant should not receive a dividend, then, indeed, the assignee would have a right, and would be bound, to withhold it, and resist any endeavor of the defendant, by proof of debt, or otherwise, to share in the assets. In short, the assignee does not represent the creditors, in their title, legal or equitable, to proceed against the defendant; and the creditors themselves

have acquired no lien upon the distributive share of the assets due to the defendant, which the assignee can recognize or enforce. The defendant was not bound to litigate the question of his liability with the assignee, unless it was shown that some other creditors had a lien the amount of which it was necessary to ascertain. The facts here show no such lien.

I do not perceive that the circumstance that the debt due to the creditor is the same debt or measure of liability which the creditor may assert against the defendant under the New York statute, affects the position of this complainant. Clearly, it would be no defence to the defendant's claim to share in the distribution, if the assignee should show that, by outstanding promissory notes held severally by the persons who are creditors of the bankrupt, the defendant owed them more than the amount of his dividend, and there was danger that they would be driven to another state to collect such notes. Whatever rights the creditors have, whether legal or equitable, the assignee must leave them to pursue, unless or until they acquire some lien on the fund itself. I concur fully with the views of the district judge expressed on the summary application to the bankrupt court, and I deem them of like force in this suit.

I express no opinion upon the rights of the creditors, and by no means deny the power or duty of the court to recognize and give effect to the statute of New York. But I am of the opinion, intimated on the hearing and confirmed by subsequent reflection, that the assignee has no standing in this court, upon the facts here shown. The determination of this cause, however, should in nowise appear in such form as to be any apparent obstacle to the claim of the creditors, nor seem to be an adjudication of their rights.

The decree made "pro forma" in the district court must be reversed, and the bill be dismissed, but, under the circumstances, without costs.