## No. 8981.

### LEOPOLD LACOMBE ET AL. VS. RICHARD MILLIKEN ET ALS.

The commissioners appointed to liquidate a free bank whose charter was judicially forfeited, have no right of action against directors of the institution charged with violation of Sections 300, 301, of the Revised Statutes.

The liability for the debts and obligations of the concern, imposed on the directors as a penalty for such violation, is not an asset susceptible of collection by the commissioners.

It is a claim which accrues to the creditors *ut singuli* and which cannot be enforced by the liquidators.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Singleton, Browne & Choate*, and *Huntington & Dufour*, for Plaintiffs and Appellants.

*Braughn, Buck & Dinkelspiel* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs, as commissioners liquidating the late Mechanics and Traders' Bank, whose charter was judicially forfeited, sue to recover some $150,000 from the defendants, as directors of the corporation while it was a "going concern."

The action is founded on sections 300 and 301, R. S. Two other grounds for an infliction of the penalty are alleged in the petition, but were not insisted upon in argument and as they appear to be without merit in the mouth of the commissioners, are deemed to have been abandoned.

Exceptions were filed to the effect:

That the petitioners have no right to stand in judgment, because the decree of the forfeiture of the bank charter is unwarranted and their appointment thereby is likewise illegal;

That the petition discloses no cause of action which, if it exist, is not in favor of the concern but of its creditors.

One of the defendants, Milliken, further pleaded the prescription of one year.

The exceptions were maintained and plaintiffs' demand was rejected, with costs.

The commissioners appeal from that judgment.

## I.

In the case of State *ex rel.* Wogan vs. Mechanics and Traders' Bank, 35 A. 562, we had occasion to decide that the forfeiture of the bank's charter had been validly decreed and that the appointment of commissioners was authorized.

In argument, it has been urged here that the commissioners, under no circumstance, can have a standing to sue the defendants, as is attempted to be done, for the reason that the forfeiture of the charter had not been obtained by the State Auditor and that it is only on that contingency that the defendants, if liable, can be held responsible.

The view which we have taken of the case from another standpoint, renders unnecessary the consideration of this preliminary defense.

## II.

The real question presented for solution is, whether the defendants, if in default as charged, can be condemned to pay the sum claimed to the commissioners; in other words, practically, whether the amount sued for is an *asset* which accrues to the corporation or to its creditors?

The charge in the petition is substantially that, on January 1, 1878, up to March 19, 1879, the bank, to the knowledge of the defendants (its directors), was not *"in line,"* and being *"out of line"* made loans and discounts in violation of sections 300 and 301 of the R. S. of 1870, and that by the violation of said laws the directors have rendered themselves liable for all the debts and obligations of said bank.

The sections invoked read as follows:

" Sec. 300. Every banker or banking company doing business under this act is required, in addition to securities for circulation deposited with the Auditor, to have on hand at all times, in specie, an amount equal to one-third of all their other cash liabilities, and for the other two-thirds of said liabilities an equal amount in specie, specie fund, bills of exchange or discounted paper maturing within ninety days and not renewable.

" Sec. 301. If at any time the specie, specie funds and short paper held by such banker or banking company should fall below the propor-

tion to cash liabilities prescribed in the preceding section, and shall remain so for a space of ten days, it shall not be lawful thereafter for such banker or banking company to make any loan or discount whatever until its or their position is re-established according to the terms of the preceding section.

"A violation of this provision shall be held to be an act of insolvency and the Auditor shall cause the necessary steps to be taken for the liquidation of the affairs of said banker or banking company, as in case of insolvency; and every director or manager of a banking company who participate in or assent to such violation, shall become individually liable for all its debts and obligations."

It will be observed that the statute does not say that the liability thus incurred shall accrue *in favor of the concern*, or shall constitute one of its *assets*.

Had it done so, quite a different case would have been presented.

It merely says: *liable for its debts and obligations*. The liability is clearly imposed, when incurred under the required condition of things. It accrues, not in favor of the bank in liquidation, which is a *debtor* to its creditors, but in favor of those creditors.

The commissioners are appointed for the purpose of liquidating the affairs of the bankrupt corporation, that is, of realizing its *assets* and distributing the same, first among its creditors according to their respective ranks, and next, if there remain a residue, among its stockholders.

They are empowered to that end, to take possession of and eventually recover all its assets, that is: such available property as it owns, of whatever nature, which its creditors can cause to be subjected to their claims. Abbott & Bonvier, L. D. Vo. *Asset.*

The liability of the directors is not in favor of the bank or its liquidators, but in favor of the creditors of the concern, who may or not, at their option, enforce it for their separate benefit.

A review of the authorities applicable to cases like the present one shows that this construction is the correct one. Bristol vs. Blatchford, 12 Blatchf. 341; Dutchen vs. Bank, 12 Blatchf. 435; Piscataqua Co. vs. Hill, 60 Maine, 178; Anderson vs. Speers, 21 Hunn. 570, and authorities there cited; Bank of Niagara vs. Johnson, 8 Wend. 645; Farnsworth vs. Wood, 91 N. Y. 308; Thompson on Directors, p. 460; see also, Syndic vs. Members Board of Direction, Journal du Palais, 1869, p. 712.

In the last case, it was held that, the syndic of an insolvent bank cannot institute, in the name of the mass, an action against the direc-

tors, which belong to the creditors *ut singuli ;* that they can do so only where they represent the creditors *ut universi.* See, also, 35 A. 277.

Reaching, as we do, the conclusion that, on the assumption of the defendants' liability, the plaintiffs have no right and cause of action to enforce it against them, we deem it unnecessary to consider the plea of prescription set up by Milliken. Our judgment on it would not be binding, as being rendered in the absence of the necessary party.

Judgment affirmed, with costs.