CHARLES A. BAKER, Receiver, *vs.* OLIVER C. WYMAN and others.

August 24, 1891.

Insolvency—Preference—Payment Sustained.—Finding of the court *held* sustained by evidence going to show that a creditor of an insolvent debtor did not have reason to believe the debtor insolvent when he received payment of his debt.

Same—Effect of Order Appointing Receiver.—An order appointing a receiver of an insolvent debtor upon the petition of creditors, alleging that the debtor had preferred creditors, does not constitute an adjudication of the point as to whether the alleged preferential payment is voidable.

Appeal by plaintiff, receiver of Knute O. Roe, an insolvent debtor, from an order of the district court for Hennepin county, refusing a new trial after a trial by *Young*, J., and judgment ordered for defendants, in an action to recover $681.59, alleged to have been paid as an unlawful preference by the insolvent to the defendants.

*Reed & Kerr*, for appellant.

*Fred B. Dodge*, for respondents.

DICKINSON, J.   This is an action by the receiver (appointed under our insolvent law) of an insolvent debtor, to recover money paid by the insolvent to the defendants, his creditors, in discharge of the indebtedness, less than four months prior to the insolvency proceedings; such payment being claimed to be an unlawful preference by force of the statute.   The statute makes invalid a preferential payment by an insolvent debtor only in case the creditor has reasonable cause to believe the debtor to be insolvent.   Upon the evidence the court found that the defendants did not know, nor did they have reasonable cause to believe, their debtor to be insolvent when the payment was made.   The principal question on this appeal is whether the evidence justified that finding.   In our opinion, it did.   As to the undisputed facts, it may be said that they are not inconsistent with that conclusion.   For instance, the fact that the debtor was not ready to pay this debt when application for payment was made, and desired to postpone payment, may be explained by the fact that the debt was not then due.   And to the suggestion that the application by the creditors for payment, before the maturity of the debt, indicates their apprehension of his insolvency, it is reasonably explained that the debtor was understood to be about to sell out his property and go out of business, on account of ill health, a favorable opportunity for doing so being presented.   The testimony bearing most directly upon this point was conflicting, and upon the whole case we find no reason for overruling the decision of the learned judge who heard the evidence.

The plaintiff claims that the prior insolvency proceedings, culminating in the order of the court appointing the receiver, determined the very question here involved, so that it was *res judicata.*   The determination of the insolvency of the debtor, and that he had preferred certain creditors, including these defendants, upon which the order appointing the receiver was based, was not an adjudication of the question whether the creditors had reasonable cause to believe the debtor to be insolvent when they received the payment which constituted a preference.   That question was not involved or passed upon in the proceeding.   Under section 2 of the insolvent law, if an insol-

vent debtor does any act whereby any creditor obtains a preference, that is made a cause for which his creditors may institute insolvency proceedings against him and seek the appointment of a receiver; but whether the preferential act of the debtor may be avoided depends upon a condition prescribed in section 4, not involved in the hearing or determination of the application for the appointment of a receiver; that is, upon the fact of the preferred creditor having cause to believe the debtor to be insolvent. That was wholly immaterial in the former proceedings. It was not a matter before the court, nor was it considered or decided.

Order affirmed.