BIDDLE HILES, receiver, &c.,

*v.*

THOMAS DUNN et ux. et al.

[Filed February 11th, 1901.]

The receiver of a partnership cannot file a bill to cancel a deed made by a member of the firm conveying his individual property to defraud the firm creditors.

On demurrer to a bill.

The bill sets out that the complainant, on the application of Charles Lawson, one of the partners in the firm of T. Dunn & Company, was appointed receiver of the said firm by this court; that the claims against the firm exceeded the assets, and that Mr. Lawson has no individual property. On February 12th, 1894, Thomas Dunn, who then owned real estate, conveyed the same through intermediaries to his wife for a pretended consideration, in fraud of the creditors of the firm of T. Dunn & Company.. The purpose of the suit is to annul the said deed.

The grounds assigned in the demurrer are, *first,* that the bill fails to set out that it was filed by leave of the court; *second,* that it fails to show the conditions which call for the appointment of the receiver, and *third,* that the bill shows that the complainant was appointed receiver of the property of the firm, and not of the individual property of the members of the firm, and that he has no right to follow the property of the defendant as an asset of the firm.

*Mr. William T. Hilliard,* for the complainant.

*Mr. Clement H. Sinnickson,* for the defendants.

REED, V. C.

The important question arises under the third point taken in the demurrer:

Has a receiver, appointed to take charge of the property of a partnership which is insolvent, a right to file a bill in respect of the property which belonged to a member of the firm and which has been assigned by him to defraud the creditors of the firm?

The question is not whether such a receiver can file a bill to reclaim firm property which has been fraudulently assigned or conveyed by one of the members of the firm.

There is no doubt that an assignee for the benefit of creditors, or the receiver of an insolvent corporation, can file a bill to

cancel fraudulent conveyances or assignments of the property of the assignor, or of a corporation of whose property the receiver is trustee. But to extend this doctrine to the property which is the subject-matter of this suit it must appear that the present receiver is a trustee of the property. The receiver in this case was appointed under the general equity power of this court, and has no statutory authority. Insolvency of the firm was not a jurisdictional condition essential to his appointment. As receiver he is the curator of the property of the firm. His duty is to keep the property, to gather in the assets and hold the property of the firm as an officer of the court. His primary duty is to hold the property intact until the matters between the partnership shall be adjusted and wound up. A duty towards the creditors, as well as towards the partners themselves, may arise by the insolvency of the firm; but the duty is only to manage the firm assets in the interest of all these parties. His duty to the creditors, as well as to the partners, is executed when he executes his trust in respect to the assets of the firm. The individual property of the partners is not an asset of the firm. It may, indeed, be reached by the creditors of the firm after judgment and execution, but that fact does not make them firm assets.

It is to be observed that the right of the receiver to file this bill to cancel these conveyances of the property of the partner implies a right in the receiver to take possession of the property when recovered, and the same right if it had never been conveyed. It implies that every receiver of the property of a firm, by force of his appointment, becomes a curator of all the property of each partner. Such a view has never received countenance in any case, and is opposed to any sensible theory of the receiver's functions. In the well-considered case of *Wallace, Receiver,* v. *Milligan, Assignee, 110 Ind. 498,* it was held that the right of a receiver of a partnership to take possession of property is confined to the firm assets, and that the individual liability of a partner to the creditors of the firm is not a firm asset, and cannot be enforced by the firm's receiver.

It is perceived that it is only upon an assumed right of a

receiver to enforce the partner's individual liability to the firm creditors that the right to follow the individual property of such partner can arise.

There must be a decree for the demurrant.