## JOHN W. NORTON v. JAMES F. SPERRY.[1]

February 10, 1911.

Nos. 16,938—(243).

**Dissolution of partnership — appointment of receiver.**

In an action for the dissolution of a copartnership and for the appointment of a receiver to wind up the firm affairs, the only questions necessary to be determined preceding the appointment of a receiver are: (1) The existence of the alleged copartnership; and (2) the facts necessary to vest in the court jurisdiction of the controversy.

**Same.**

The appointment of a receiver in such an action in no way determines the rights of the partners, but is merely preliminary to a full hearing and adjustment of all differences, upon which the partners may be heard in the due course of subsequent proceedings.

Action in the district court for Ramsey county to dissolve a partnership, and for an accounting and the appointment of a receiver. The complaint alleged, among other matters, that for convenience title to part of the real estate acquired was taken in the name of defendant; that defendant served a notice upon plaintiff on August

[1]Reported in 129 N. W. 843.

9, 1909, declaring the partnership entered into in October, 1905, dissolved, and demanding an accounting and distribution of the assets; that immediately upon giving such notice defendant took sole charge of the business and refused to allow plaintiff to participate therein, and secreted all the books of account; that there had never been a complete accounting between the partners; that they had each drawn out considerable sums of money, but that the amount drawn by defendant greatly exceeded the amount drawn by plaintiff; that a large portion of the real estate acquired by the firm was improved rental property, much of which was incumbered with mortgages, upon which interest had to be paid semiannually, and it was necessary to keep the improvements insured against fire; that plaintiff feared, unless defendant were restrained, he would attempt to dispose of the firm property for his own benefit, and alleged that for a proper preservation of the property it was necessary to appoint a receiver. The answer alleged that on January 22, 1908, a full and complete adjustment of the accounts was made and a division of the assets; denied that defendant was conducting the business, except so far as it had been turned over to his care, and denied that he had attempted to dispose of the firm property.

The case was tried before Kelly, J., who made findings and appointed a referee or receiver by consent of the parties. From an order denying defendant's motion for a new trial, and from an order denying a motion for additional findings, he appealed. Affirmed.

*W. R. Duxbury,* for appellant.

*John D. O'Brien* and *Dillon J. O'Brien,* for respondent.

BROWN, J.

This action was brought for the dissolution of a copartnership alleged to have theretofore existed between the parties, for an accounting and settlement of the firm transactions, and for the appointment of a receiver to take charge of and wind up its affairs. The cause came on for trial of the issues presented before the court without a jury. The court found that a copartnership existed between the parties as alleged in the complaint, with the facts necessary to vest in the court authority to decree a dissolution thereof and the

appointment of a receiver to wind up the affairs of the firm. An order was accordingly made appointing a receiver, with directions to take an account of the partnership transactions and report the same, together with such information as would enable the court to close the accounts justly between the parties. Defendant then moved the court for additional findings, and for a modification of those made, and for a new trial. Both motions were denied, and defendant appealed.

The copartnership was formed in October, 1905, and defendant sought by his motion for additional findings to have the court find as a fact that an accounting and settlement was had between the parties on January 22, 1908, of all partnership affairs up to that date. He sought by the proposed modified findings to have determined the fact, claimed by him, that certain transactions in real estate did not concern the copartnership. The motion was properly denied. The subject-matter of the proposed findings was in no way involved in the action at the time of the trial, nor essential to vest the court with jurisdiction to appoint a receiver. The trial of the issues presented was for the purpose of determining (1) the existence of the alleged copartnership and (2) the facts necessary to vest the court with jurisdiction of the controversy. The appointment of a receiver in actions of this kind in no way affects or determines property rights. Smith, Receiverships, 24, 48. It is merely preliminary to a full and final hearing upon the merits of all questions affecting the rights of the partners and the scope and extent of the partnership affairs and the property thereof.

It follows, therefore, that defendant's request for additional findings was properly refused. If a settlement was had between the parties in 1908, as alleged in defendant's answer, it may be presented to the court in connection with the receiver's report, and be heard and determined when final judgment is ordered. The same may be said with reference to the extent and scope of the partnership business, and what transactions it included. The finding of the court that the business of the firm extended to real estate transactions wherever consummated is not conclusive, and will not bar

the right of defendant to be heard thereon at the proper time. Baker v. Wyman, 47 Minn. 177, 49 N. W. 649.

Order affirmed.

JAGGARD, J., absent, took no part.