H. G. TILLINGHAST, Appellee, v. E. T. COURSON et al., Defendants, Appellees; TERESSA M. TRUMBAUER et al., Additional Defendants, Appellants; CHARLES TROYER et al., Additional Defendants, Appellees.

No. 41536.

MARCH 7, 1933.

D. M. Kelleher, for appellants.

Nagle & Hill and Lee, Steinberg & Walsh, for appellee H. G. Tillinghast.

Hobbet & Blue, for appellees Estella J. Hanna, Miller S. Nelson, Charles Troyer, Robert Pollock, and W. C. Oelke.

Birdsall, McGrath & Archerd, for appellees H. F. Graepler, assignee of estate of O. P. Morton, insolvent; and H. B. Cole, assignee of estate of A. E. Weber, insolvent.

Stowe & Kirchner, for appellee R. E. Courson, administrator of estate of Clara M. Courson.

ALBERT, J.—In the original petition filed herein, suit was brought by the plaintiff against seventeen individual defendants, alleging that a banking institution in the village of Holmes, in Wright county, owned by plaintiff and seventeen persons named as defendants, had been closed because it was impossible for said bank to continue operating as a private bank as it had been doing. It was alleged that the closed bank was possessed of bills receivable and other accounts, cash, and property, which would depreciate in value unless a receiver were appointed to preserve the same; that said bank was indebted to depositors and creditors whose interests required that a receiver be appointed to collect and preserve the assets, etc.; and praying for a dissolution of the partnership and that the rights of the respective parties to the assets be determined, and for a distribution thereof among the creditors, and for general equitable relief.

Nine of the defendants appeared and consented to the appointment of a temporary and of a permanent receiver without notice, and on the 29th day of August, 1931, the district court appointed a temporary receiver.

Later, plaintiff filed an amended and substituted petition naming additional defendants, among whom were the appellants herein, Teressa M. Trumbauer, B. W. and Fannie McElhinney. The principal allegations of the original petition were reiterated in said amended and substituted petition. The amended and substituted petition also alleged the insolvency of the bank, and the prayer was that a temporary receiver be made permanent, and that such receiver be directed to forthwith liquidate the assets of said bank and distribute the same among the creditors, and that the rights and liabilities of the respective owners be fixed and determined, and for general, equitable relief.

In answer to this, the appellants filed what is designated as "Motions, Exceptions and Separate Answers" in which four alleged defenses are set out. In each of said separate defenses, each defendant denies that he had any interest in said Bank of Holmes, and denies that he is in any way obligated to the depositors or creditors of said bank, and two of the defendants plead discharge in bankruptcy. On a hearing thereon, a decree was entered by the court making a temporary receivership appointment permanent, and fixing his bond at $25,000. The decree further provided:

"It is further ordered and adjudged that this decree shall in no manner be construed as an adjudication that any of the parties hereto are individually or collectively liable to the creditors of the said Bank of Holmes, and that the question of their liability is not an issue and is in no manner adjudicated or determined by this decree but the right to each and all of the parties to litigate that matter is especially reserved to each of the parties and the issue as to such liability may be determined in any lawful proceeding which any of the parties, the receiver or the creditors, may elect to pursue, and their right on such issue shall in no manner be prejudiced by this decree."

Each of these defendants (appellants) having appeared in the receivership and having denied any interest in or liability for the Bank of Holmes, we are unable to say that they are in any way affected by the appointment of this permanent receiver. It is apparent from the portion of the decree heretofore set out that there is nothing that determines the issue as to the relationship of these defendants to the Bank of Holmes, and the court apparently attempted by the reservations in the decree to eliminate all issues except: (1) Whether the bank was insolvent; (2) whether the partnership should be dissolved; and (3) whether the assets should be liquidated and distributed under the law.

It seems to be quite a well-settled principle of law that the appointment of a receiver determines no rights as between the parties, and does not change the relative position of the partners to each other. Norton v. Sperry, 113 Minn. 447, 129 N. W. 843; Holder v. Shelby (Tex. Civ. App.) 118 S. W. 590; Rische v. Rische, 46 Tex. Civ. App. 23, 101 S. W. 849; 47 C. J. 1223.

The appointment of this permanent receiver had only to do with the partnership property of the Bank of Holmes, and could not affect the individual property of the individual partners. Bierma v. Ellis, 212 Iowa 366, 236 N. W. 402; Hiles v. Dunn (Chancery Ct.) 61 N. J. Eq. 391, 48 A. 315; Wallace v. Milligan, 110 Ind. 498, 11 N. E. 599.

The proceedings, therefore, not affecting the individual property of the appellants, and they denying that they were in any way interested in the bank or its property, they were not in a position to resist the appointment of this receiver when a large number of actual partners consented to the appointment of a permanent receiver. In

other words, the appointment of a receiver, under these circum-
stances, adjudicates nothing as to the relation or liabilities of the
partners to each other, or whether, in fact, any one of the principal
defendants named is a partner. These questions, together with the
relationship between the partnership and the creditors, are all left
for future determination.

It is evident that this is the thought the court had in mind
when the decree was entered herein, and having reached this con-
clusion, we think it did not err in entering the order appointing a
permanent receiver. The case is therefore affirmed.—Affirmed.

KINDIG, C. J., and EVANS, UTTERBACK, DONEGAN, and STEVENS,
JJ., concur.