E. H. Leasure, Appellee, v. Fred J. Boie. Appellant.

**Brokers:** commissions: evidence. On an issue as to whether a note delivered by plaintiff to defendant was for the purpose of safekeeping and collection, or was given him as a commission for obtaining a loan for plaintiff, the fact that the claimed commission was nearly one-fourth the amount of the loan would justify the jury in scanning defendant's evidence closely.

**Same:** SETTLEMENT: EVIDENCE: WITHDRAWAL OF ISSUE. Where defendant in a suit to recover the proceeds of a note collected by him pleaded a full settlement of all dealings with plaintiff, but as a witness denied that it included the note in question, in which he was corroborated by plaintiff, the court rightly withdrew the issue of settlement from the jury.

**Loans:** COMMISSION: EVIDENCE. The value of property mortgaged to secure a loan of money is competent evidence bearing on the probability of the borrowers agreeing to pay an exorbitant commission.

**Same:** PLEADINGS. Where defendant in a suit for the proceeds of a note testified that he received the note as a commission for procuring a loan for plaintiff from a third party, it was competent for plaintiff to show that the money loaned was in fact defendant's and that the name of the third person was used simply as a means·to aid plaintiff in exacting the commission, although such matter was not pleaded by plaintiff.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, APRIL 10, 1909.

ACTION at law to recover moneys alleged to have been collected by the defendant for the account of plaintiff. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*A. L. Preston* and *M. H. Anderson,* for appellant.

*John Fletcher,* for appellee.

WEAVER, J.—The plaintiff purchased from one Whitehead a tract of land which was leased to one Fehl, and as part of the transaction received from Whitehead the rent note given by Fehl for $245. In closing the deal plaintiff found it necessary to borrow the sum of $950 to complete the advance payment, and applied to the defendant or to the bank of which he was cashier for the accommoda-

tion. The defendant, claiming to have procured the money from his assistant cashier, Harry Eager, lent it to the plaintiff, taking his note for the amount payable to Eager, the payment being secured by second mortgage on the land and by chattel mortgage on certain personal property. At the same time plaintiff indorsed and left in defendant's hands the note of $245 against Fehl. The purpose of the delivery or deposit of this note is the principal question in controversy. Plaintiff alleges that he left the note with defendant for safekeeping and collection, while defendant claims that it was given him as commission for his services in procuring the loan of $950. It is not denied that defendant has collected the note, and that no part of the money so received has been turned over to the plaintiff.

I. The question thus presented is one of fact, and, if there be evidence to sustain the jury's finding thereon, we must treat it as final. We shall not extend this opinion to recite the testimony, but will say that it affords abundant support for the verdict. Indeed, defendant's claim of a commission of more than 25 percent for obtaining a loan of $950 from his assistant cashier is in itself sufficiently startling to justify the jurors in scanning very closely the evidence offered in its support, and it is not at all surprising that, in view of the circumstances, they accorded greater credibility to the story of the plaintiff. Such finding is not in our judgment against the instruction given by the court that the burden of proof as to the ownership of the note was on the plaintiff.

1. BROKERS: commissions: evidence.

II. The defendant pleaded in bar of plaintiff's claim an alleged settlement of all their dealings. This defense was sought to be sustained by evidence offered to the effect that, when the loan of $950 fell due, plaintiff paid the sum in full. But as a witness in his own behalf defendant denied explicitly that the settlement had between the par-

2. SAME: settlement: evidence: withdrawal of issue.

ties at that time included or had any reference whatever to the Fehl note. The plaintiff, while speaking of that transaction as a "settlement," corroborates defendant in this respect. It is perfectly clear that neither party regarded the matter of this note as entering into the consideration of adjustment then had between them. Upon this showing the court withdrew the issue of settlement from the jury, and in this there was no error.

III. Testimony was introduced as to the value of the personal property covered by the mortgage securing the loan of $950, and error is assigned upon its admission.

3. LOANS: commission: evidence.

This evidence had direct bearing upon the sufficiency of the security given for the loan, and, therefore, upon the probability that plaintiff would undertake to pay the extraordinary commission claimed by the defendant. It is a matter of common knowledge that loans of that amount supported by ample security do not require such excessive sacrifice on part of a borrower, and we think the court did not err in permitting the inquiry.

IV. As we have already stated, the note for $950 was made payable to the assistant cashier, Eager. It is the claim of the plaintiff that the money loaned was in

4. SAME: pleadings.

fact the money of the defendant; that Eager was merely a nominal party, whose name was made use of as a means or excuse for an attempt to exact the so-called commission. This question was submitted to the jury, and error is assigned thereon. The exception is not well taken. It is true this matter was not set up in the pleadings, but it was a matter of competent evidence, and a party is not required nor permitted to plead his evidence. Defendant endeavored to justify and support his claim to have received the note as commission by showing that he negotiated the loan from Eager, and if this testimony was untrue, and the alleged deal with Eager was used simply as a blind or cover for the loan of his

own money, it was a highly important fact for the jury to know. Mr. Eager was not a witness on the trial. According to plaintiff's testimony, which has some corroboration, defendant admitted that the money loaned was his own. On the other hand, defendant produces the note made to Eager, guaranteed by himself, reindorsed to him by Eager without recourse, and claims he took it up before it was finally paid and discharged by plaintiff. The issue thus made was for the determination of the jury.

Counsel for appellant denounce the verdict of the jury as unconscionable, and the product of passion and the class prejudice which exists "in favor of the farmer against the man of means." This court is not aware of the existence of such conditions, but if the time arrives (which we do not anticipate) when unconscionable advantage of borrowers becomes characteristic of men of means "class prejudice," which counsel so earnestly deprecates, will not be entirely groundless.

We do not undertake to pass upon the truth of the matters in dispute between the parties now before us. The jury, organized to determine that question, has rendered its verdict, and, there being evidence to support the finding, we must respect it. The trial appears to have been a fair one, and no prejudicial error has been shown. The defendant's motion to strike plaintiff's amended abstract is denied.

The judgment appealed from is *affirmed.*