THERON R. BIERMA et al., Appellants, v. JAMES ELLIS et al., Appellees.

No. 40867.

MAY 5, 1931.

Howard L. Bump, and Paul W. Walters, for appellants.

W. M. Wilson, and Strock, Sloan & Herrick, for defendants-appellees.

S. E. Prall, for intervener-appellee.

Watson & Watson, for receiver-intervener-appellee.

FAVILLE, C. J.—Prior to April 4, 1930, a private bank known as the Citizens Bank of Carlisle was conducting its business in the town of Carlisle, Iowa. The bank had a capital of $25,000, and was a partnership composed of twenty-five individuals whose interest in said partnership was represented by so-called "shares" in various amounts. On or about the said 4th day of April, 1930, five of said partners filed a petition in equity in the district court of Warren County, wherein they were plaintiffs and the said bank and the remaining partners therein were made defendants. Said petition alleged that said bank was unable to meet its obligations and to continue in business and that it had become insolvent. Plaintiffs in said action prayed that a receiver be appointed to take charge of said bank and of all of its assets, to convert the same into money, and to wind up the affairs of said partnership, and after the application of the assets of the partnership to the payment of the debts of said partnership, to collect whatever deficiency might then be found to be due from the partners. A temporary receiver was appointed and after due notice a permanent general receiver was appointed in said cause. The order appointing the receiver provided that the said receiver should convert all of the assets of the said bank and partnership into cash, cause the liabilities to be fixed and determined, and ascertain the amount of any indebtedness remaining after the application of the proceeds from the sale of said assets and collect from the owners of said bank, pro rata or as they may be legally liable therefor, sufficient to pay any such deficiency. Subsequently the court entered an order fixing the time for filing claims of creditors of said partnership and directing notice to be given to creditors, which was done in accordance with said order, and thereafter, to wit, on or about the 6th day of June, 1930, the appellants herein filed proof of their claim with said receiver. Thereafter, to wit, on or about September 25, 1930, said receiver made an application to the court for an order directing him to bring suit against all the partners in said bank for the deficiency, being the difference between the assets and liabilities of said bank; and on or about September 27, 1930, the court entered an order directing "that

said receiver be and he is hereby authorized and directed to bring a suit in this court for the purpose of collecting from all the owners of said bank said deficiency.''

Thereafter, to wit, on or about the 18th day of October, 1930, the appellant brought this separate action against the partners in said bank, alleging that they had been depositors in said bank and praying judgment against the partners and each of them from the amount due on said deposits. In pursuance of an order of court granting him permission so to do, the receiver appeared in said action and filed his petition of intervention setting up the fact of the existence of said partnership, and of the action brought for its dissolution; setting up the order for appointment of said receiver and alleging that he had commenced action against all of the partners in said bank to collect the amount necessary to settle the indebtedness of said bank in full. The receiver alleged that the depositors and creditors of said bank are more than nine hundred in number and that to allow each individual creditor and depositor to sue the members of said partnership in a separate suit would hinder and delay the receiver in carrying out his duties in accordance with the order of the court and would cause a multiplicity of suits, and would interfere with the pending action of the receiver against the partners in said bank. Certain facts were stipulated and were considered as though pleaded. The receiver prayed that an order be entered restraining the appellants herein from prosecuting their said suit until the original action in which the receiver had been appointed had been disposed of. The appellants filed a pleading to the receiver's petition of intervention, which is designated both as a motion to strike said petition and as a demurrer thereto. The said motion or demurrer is predicated upon a number of different grounds, which, however, may be summarized as a challenge to the right of the receiver to intervene in said action or to in any manner affect the appellants' right to prosecute their said action to judgment. The court overruled said motion to strike, or demurrer. The appellants elected to stand on said ruling, and judgment dismissing their petition was entered.

The question is whether or not the court erred in overruling the appellants' motion, or demurrer to the petition of intervention of the receiver. It is to be noticed that the receiver

in his petition of intervention did not plead in bar, but only in abatement, and asked that the court restrain the appellants herein from prosecuting their suit until the original cause in which the receiver had been appointed had been finally disposed of.

I. A few general observations may be helpful at this point. The court unquestionably had the power to appoint a receiver in the original action in equity, brought for the dissolution of the partnership. Code, 12713. The statutory powers of a receiver are set forth in Code Section 12716, which is as follows:

"Subject to the control of the court or judge, a receiver has power to bring and defend actions, to take and keep possession of property, to collect debts, to receive the rents and profits of real property, and, generally, to do such acts in respect to the property committed to him as may be authorized by law or ordered by the court."

It is the generally recognized rule that a receiver of partnership property has no right *ipso facto* to proceed against the individual partners or their individual property. Hiles v. Dunn, 48 Atl., 315 (N. J.); Wallace v. Milligan, 110 Ind. 498, 11 N. E. 599. His duties are primarily to administer the property and assets of the partnership and he is not a curator of the property of the individual partners.

But a different situation confronts us at this point. Does a court of equity, in an action brought for the dissolution of an insolvent partnership, have the power to clothe the receiver with authority to bring suit to collect from the partners the funds necessary to pay the debts of the partnership; or, to put it another way, can a court of equity, in appointing a receiver for such a partnership, empower the receiver to do other acts and things beyond the scope of dealing with the assets that directly belong to the partnership?

The powers conferred upon the receiver by virtue of the terms of the statute are not necessarily a limitation upon the powers that could be conferred upon a general receiver by the court of equity making the appointment.

Under the facts and circumstances of this case the court, in entering the decree for the dissolution of the partnership and

placing all of its assets in the hands of a general receiver, did not exceed its powers in also clothing the receiver, by specific direction of the court, with the authority to institute suit against all of the members of the partnership for the collection from said partners of sufficient amounts to pay all the debts and obligations of the said partnership. It is to be noted that the appellants are not attacking the proceedings under which the receiver was appointed. There is no claim of fraud or collusion. Appellants are not seeking to enforce a lien and are not even attempting to secure one. They are not asking to set aside the receivership or to modify the authority granted by the order of court in said receivership matter.

It is contended, however, that even though the receiver may have been properly empowered by the court with authority to institute suit against the members of the partnership to collect from them sufficient funds with which to pay all of the obligations of the partnership, this does not constitute any bar to appellants' right to maintain their independent action at law as creditors of such partnership against any or all members of the partnership. This is the vital question in the case.

The record affirmatively shows that after the appointment of the receiver, acting under the order of court, the receiver gave notice of his appointment and required all parties holding claims against said partnership to file the same with him as receiver. Thereupon the record shows that the appellants filed their claim with said receiver in due form and asked its allowance by said receiver. Said proof of claim has never been withdrawn or dismissed by the appellants. Subsequent to the filing of said claim the appellants instituted this action at law to recover the amount of said claim from the individual members of said partnership. The appellants saw fit to file their claim in the original action wherein the receiver had been appointed and in which action the receiver had been specifically directed by the court to bring suit against the individual partners to collect from them the amount necessary to satisfy all of the debts of said partnership, and such action has been brought by said receiver. In such a situation the appellants filed their claim for the purpose of participating in the proceeds so derived from the sale of the partnership property and also that collected by the receiver from the individual partners. The appellants did not limit their claim

in the receivership matter to a mere participation in the partnership assets, but they are seeking to participate to the full extent of their claim, not only in the partnership assets proper, but in the amount received by the receiver in the suit instituted by him to recover from the individual partners. The appellants have by this action seen fit to participate in the receivership proceedings and have subjected themselves to the jurisdiction of the court in said matter, and they should be held to abide by said proceedings until the same are terminated. The receiver in his petition of intervention prayed that in view of said state of facts the appellants be restrained from prosecuting the instant action until the final determination of the receivership matter in which appellants' claim was then pending. This was in effect a plea in abatement.

In Clark on Receivers, vol. 1, sec. 649, paragraph (a), it is said:

"When a debtor becomes bankrupt or his property goes into the hands of a general receiver a creditor is put to an election to proceed against the debtor in a separate action or file his claim or intervention in the receivership action and take his share of the debtor's property upon distribution by the receiver. The main object of proceeding against the debtor in a separate action, independent of the receivership case, is in the hope that the receivership may be lifted and the creditor may subsequently have any judgment which he gets, satisfied out of the defendant debtor's property. On the other hand, a creditor may proceed to judgment during the receivership case and present his judgment by intervention in the receivership case, have it allowed and share in the distribution made in the receivership case. A party pursuing his case to judgment in a case independent of the receivership case can secure in such a case only a decree or a judgment that the defendant debtor pay that sum or pay the judgment to the claimant or plaintiff. Any order upon the receiver to pay such judgment or part of such judgment must be rendered in the case wherein the receiver is appointed."

The case presents an unusual and exceptional situation. A court of equity had acquired jurisdiction of the partnership and of all of the partners. The partnership was insolvent and dis-

solution thereof was sought. A receiver was appointed and was specifically clothed with authority to not only sequester the assets of the partnership and apply them upon the debts of the partnership, but also to proceed to collect from the various partners any deficiency that might remain to satisfy the claims in full of all creditors of the partnership. Under order of court due notice was given to claimants to file their claims, and the appellants came into said proceeding and filed their claim, which has not been withdrawn or dismissed. They thereby subjected themselves to the jurisdiction of the court in said receivership matter, and sought their relief under the conditions then existing in regard to said receivership matter. We think, in view of the peculiar situation disclosed in this case, that the appellants have elected their remedy and that in any event the court should have entered an order as prayed in the intervener's petition staying and abating the prosecution of appellants' independent action against the individual partners until the completion of the proceedings in the receivership case.

Furthermore, it is one of the functions of a court of equity to prevent a multiplicity of suits. The record shows that there are more than nine hundred depositors in said bank, each of whom has a claim against the partnership assets and the individual partners. A court of equity has properly acquired jurisdiction of the partnership assets, and through its receiver has brought suit against the individual partners for the purpose of paying all of the claims against said partnership. No complaint is made of this action. It will prevent a multiplicity of suits for a court of equity to complete the proceedings so within its jurisdiction. We have not been cited to any case by either party that involves a situation such as exists in the case at bar. We think, however, upon well-established principles, as applied to the peculiar facts herein disclosed, and limiting our decision to such facts, the court did not err in overruling the motion to strike or demurrer to the intervener's petition of intervention.

The record shows that the appellants, as plaintiffs, stood upon the ruling on their motion or demurrer to the petition of intervention, and thereupon the court entered an order dismissing the appellants' petition. Such order should not have been entered under the circumstances, and should not constitute a bar to further prosecution of appellants' cause of action should

occasion arise therefor. The order should have been an order in abatement as prayed by the intervener abating the appellants' cause of action until the final determination of the action in which the receiver was appointed. The practical result, however, may be the same.

The order of the district court will be modified by providing that appellants' cause of action shall be stayed until the final determination of the original action in equity in which the receiver was appointed. With this modification the case will be affirmed.—Modified and affirmed.

All Justices concur.