JAMES ELLIS et al., Plaintiffs, v. CITIZENS BANK OF CARLISLE et al., Defendants, G. D. SCHOOLER, Receiver, Appellee; W. W. WINTERS et al., Appellants.

No. 42335.

DECEMBER 14, 1933.

REHEARING DENIED SEPTEMBER 27, 1934.

Howard L. Bump and Paul W. Walters, for appellants.

Watson & Watson, for appellee G. D. Schooler.

ALBERT, C. J.—The Citizens Bank of Carlisle was a partnership, consisting of twenty-seven partners. On the 29th of April, 1930, G. D. Schooler was appointed permanent receiver of this private bank. Among other things, said receiver was ordered to determine the amount, if any, of indebtedness remaining after the application of the proceeds of the sale of the assets, and to collect from the owners of the bank pro rata as they might be legally liable therefor sufficient to pay any deficiency. An order was made that all depositors should file their claims before July 10, 1930, and all depositors, including the objectors herein, did so file their claims within the time allowed.

On September 29, 1930, the receiver obtained an *ex parte* order to bring suit against the partners for the deficiency. Such suit was filed on or about that date by the receiver against all the partners, alleging a deficiency of about $100,000. That case has never been brought to trial. On the 18th of October, 1930, Theron R. Bierma brought an ordinary suit at law against the partners, seeking to collect the amount of his claim based upon the primary liability of the partnership. Schooler, the receiver, intervened therein, claim-

ing that he was authorized to collect all the claims, and asking that Bierma's petition be dismissed and that Bierma be restrained from continuing his action against the partners. The district court dismissed Bierma's petition against the partners, and the case was appealed to this court. The order made by the district court was modified by this court to the extent of holding that the Bierma case against the partners should stand abated until final determination of the receivership. See Bierma v. Ellis, 212 Iowa 366, 236 N. W. 402.

On the 28th day of December, 1932, the receiver filed an application to approve compromise and settlement with certain of the partners as to their individual liabilities which were asserted by the receiver in this case against the partners, alleging that he had made compromises with them, and asking the court's approval of the same, whereupon Bierma and certain of the other depositors of said defunct bank filed objections to said settlement. The district court heard said objections and overruled the same, and hence this appeal.

On the hearing that was had in the district court, the objectors introduced no testimony. They do not here seriously contend that the proposed compromise and settlement was not a fair and satisfactory one, and, if they did, they could not be heard here on that question because in their abstract and amendment thereto they do not set out any of the testimony that was taken on that hearing. They confine their argument in this court to one proposition, which they state to be: "May the receiver of a private bank settle and compromise the primary liability of partners to depositors without their consent and over their objection?"

The question involved, therefore, is the question of the jurisdiction of the district court which had appointed the receiver to authorize such receiver to compromise the liability of such partners. To a fair understanding of this matter, reference must be made to the former case of Bierma v. Ellis, 212 Iowa 366, 236 N. W. 402. We there held:

"It is the generally recognized rule that a receiver of partnership property has no right *ipso facto* to proceed against the individual partners or their individual property. * * * But a different situation confronts us at this point. Does a court of equity, in an action brought for the dissolution of an insolvent partnership,

have the power to clothe the receiver with authority to bring suit to collect from the partners the funds necessary to pay the debts of the partnership; or, to put it another way, can a court of equity, in appointing a receiver for such a partnership, empower the receiver to do other acts and things beyond the scope of dealing with the assets that directly belong to the partnership? * * * The record affirmatively shows that, after the appointment of the receiver, acting under the order of court, the receiver gave notice of his appointment and required all parties holding claims against said partnership to file the same with him as receiver. Thereupon the record shows that the appellants filed their claim with said receiver in due form and asked its allowance by said receiver. Said proof of claim has never been withdrawn or dismissed by the appellants. Subsequent to the filing of said claim the appellants instituted this action at law to recover the amount of said claim from the individual members of said partnership. The appellants saw fit to file their claim in the original action wherein the receiver had been appointed and in which action the receiver had been specifically directed by the court to bring suit against the individual partners to collect from them the amount necessary to satisfy all of the debts of said partnership, and such action has been brought by said receiver. In such a situation the appellants filed their claim for the purpose of participating in the proceeds so derived from the sale of the partnership property and also that collected by the receiver from the individual partners. The appellants did not limit their claim in the receivership matter to a mere participation in the partnership assets, but they are seeking to participate to the full extent of their claim, not only in the partnership assets proper, but in the amount received by the receiver in the suit instituted by him to recover from the individual partners. The appellants have, by this action, seen fit to participate in the receivership proceedings, and have subjected themselves to the jurisdiction of the court in said matter, and they should be held to abide by said proceedings until the same are terminated. * * * The case presents an unusual and exceptional situation. A court of equity had acquired jurisdiction of the partnership and all of the partners. The partnership was insolvent, and dissolution thereof was sought. A receiver was appointed and was specifically clothed with authority to not only sequester the assets of the partnership and apply them upon the debts of the partnership, but also to proceed to collect from

the various partners any deficiency that might remain to satisfy the claims in full of all creditors of the partnership. * * * They thereby subjected themselves to the jurisdiction of the court in said receivership matter, and sought their relief under the conditions then existing in regard to said receivership matter. We think, in view of the peculiar situation disclosed in this case, that the appellants have elected their remedy, and that in any event the court should have entered an order as prayed in the intervener's petition staying and abating the prosecution of appellants' independent action against the individual partners until the completion of the proceedings in the receivership case."

As heretofore shown, the receiver's action against the partners has not been brought to trial. The quotation just set out from the above opinion made an order that the action therein involved against the partners by the depositors was abated until the completion of the proceedings in the receivership. We take this to mean that the action was abated until the original action by the receiver against the partners was finally disposed of. So far, then, the objection made by the appellants herein is already adjudicated. But this hardly reaches the real question in the case, which is, under the present status of the matter, Has the district court wherein the receivership is pending power to authorize the receiver to compromise these claims with the respective partners at an amount less than the amount actually due thereon? The appellants argue that the title and ownership of their various deposit claims, together with the right to enforce or release same as against the various partners of said bank, is an individual personal right of such depositor against the individual partner. They are probably justified in this position, but this does not answer the question. Under our holding in the former appeal, they went into the equity court and submitted themselves to its jurisdiction in the receivership matter, and, having done so, they are subject to all the rights and powers that an equity court possesses under such circumstances and whatever order the court properly makes under such circumstances is binding on them.

The question left, therefore, is whether or not the district court had power to make the order it did herein overruling the objections of said depositors.

In the case of Sherman v. Linderson, 204 Iowa 532, loc. cit. 537, 215 N. W. 501, we had before us something of a similar situa-

tion, in which a stockholder in a bank claimed to have made settlement with the receiver, and we there said:

" * * * The receiver being an officer of the court, he had no power to make a compromise and settlement of this character without either having an order of the court in the first instance to make such settlement, or the approval of the court of the settlement after so made. * * * The record shows no such order or approval."

This seems to be quite the universal rule. See 53 C. J. p. 147, section 186. We have devoted attention to the situation in the notes supporting the text there set out, and find that in the many cases cited equity has always exercised the right to order or approve the compromise settlement made by a receiver. The only question ever discussed in any of these cases is whether or not it is for the best interests of the estate to make such compromise where the claim or debt is doubtful or bad or where the recovery or collection of a judgment is doubtful. As throwing some light on this proposition, see Boucher v. Hamilton Mfg. Co., 259 Mass. 259, 156 N. E. 424; Macdonald v. Ætna Indemnity Co., 88 Conn. 571, 92 A. 154; Edwards v. Miller, 47 R. I. 235, 132 A. 609.

Under the Iowa practice, the receiver is appointed in an equity court and is an arm of the court. By the filing of their claim with the receiver, and having same approved by the receiver, appellants, together with all other depositors and all parties concerned in the case, are before such court, and all their claims, whatever they may be, are within the jurisdiction of such equity court, and appellants are bound by the finding of such court determining their respective rights.

In the case of Bierma v. Ellis, 212 Iowa 366, 236 N. W. 402, 405, where numerous of the parties who are objectors herein were parties to the action and we had practically the same question before us as is presented by the instant case, we said:

"Under order of court, due notice was given to claimants to file their claims, and the appellants came into said proceeding and filed their claim, which has not been withdrawn or dismissed. They thereby subjected themselves to the jurisdiction of the court in said receivership matter, and sought their relief under the conditions then existing in regard to said receivership matter."

It follows, from what was said in the Bierma case, that the

claimants, having elected to submit themselves to the jurisdiction of the court, are bound by such election. As applied to the instant case, we feel that there is no doubt whatever that the district court had the power and the right to pass upon the proposed compromise involved herein.—Affirmed.

All the Justices concur.