C. C. DAY, Receiver of Bank of Pulaski, Appellee, v. I. O. POWER et al., Appellants; CLAY D. GILES et al., Interveners, Appellees.

No. 42247.

NOVEMBER 13, 1934.

REHEARING DENIED MARCH 18, 1935.

T. A. Goodson and Jones & White, for appellants.

Verne J. Schlegel and Taylor & Taylor, for appellee C. C. Day, receiver.

Roberts & Roberts, for interveners-appellees.

CLAUSSEN, J.— ■■ The Bank of Pulaski was conducted by a partnership. It became insolvent. Plaintiff was appointed its temporary receiver. An order was made by the court directing him to bring suit against the defendants, who were members of the partnership, for "their liability to the depositors of said Bank as partners of the same". The validity of such order is not in question. Thereupon this suit was commenced. The petition alleged that the Bank of Pulaski was operated by a partnership; that defendants were included in the list of partners; that plaintiff was the duly appointed, qualified, and acting receiver of said partnership; that at the time of filing the petition, $125,891.08 was due depositors of the bank; and that the defendants were primarily liable for all the liabilities of the bank and were then owing said receiver the full

amount of the indebtedness of the bank. The petition asked judgment for the amount of the deposits of the bank, namely, $125,891.08.

Interveners were depositors of the bank and in their petition of intervention merely adopted the allegations and prayer of the petition.

In this situation defendants filed a motion for a more specific statement asking that plaintiff state whether persons other than defendants were partners and the names of such others, if any; what interest defendants and any other partners each had in the partnership; whether the liabilities for which judgment was sought were incurred while defendants were partners in the bank; the dates when the various liabilities were incurred; whether the bank had any assets; what disposition had been made of assets and the amount realized therefrom; and the reasonable value of the assets.

The foregoing requests were grouped into four divisions of the motion. Each of such divisions were overruled by the trial court, and of such action defendants complain.

The requests fall generally into three divisions.

It is well settled that every partner is individually liable for partnership debts. In this situation it is entirely immaterial whether or not there were partners in the bank other than defendants. Either partner could be sued alone for the partnership debts. Whether the suit could be brought by the receiver is not in question. Neither do the defendants question whether they were properly joined as defendants.

The petition alleges that the bank was operated by a partnership in which defendants were partners and that the bank owed its depositors $125,891.08. To prevail the receiver would have to prove that the deposit liabilities were those of the partnership of which defendants were partners. It may well be that defendants were entitled to be advised in the petition as to the identity of the several depositors and the amount of the liability to each. This information is not sought by the motion. The motion seeks the date when each item of liability was incurred. The motion raises a close question in this respect. Practical knowledge and considerations suggest that the liability of a bank to a depositor is for the balance of a series of transactions and that such ultimate liability cannot be referred to any particular date. If plaintiff were required to supply dates, he would, in effect, be required to plead the ledgers of the

depositors' accounts. It occurs to us, on the whole, that the information sought is evidentiary in character.

In so far as the motion is addressed to the thought that the suit cannot be maintained by the receiver until the partnership assets have been liquidated and applied to the debts, it is an effort to require the plaintiff to plead defensive matter, or matter essential to plaintiff's recovery. We do not now determine which it is, for the question is not before us. If it is defensive matter, it should be pleaded by defendants. If it is matter essential to recovery, the petition is fatally defective, and defendants' remedy is not a motion for more specific statement, but is to assail the sufficiency of the pleading. Sullivan v. Gaul, 198 Iowa 630, 200 N. W. 12; Barnes v. Century Savings Bank, 149 Iowa 367, 128 N. W. 541; 49 C. J. p. 739.

Several divisions of the motion were sustained and plaintiff has amended his petition accordingly. No complaint is made of such portions of the order on the motion.

II. Subsequent to the amendments to the petition being filed, defendants asked that the action abate pending appeal from the ruling of the court on the motion for more specific statement. The defendants also asked that the action be abated until the receiver had liquidated the assets of the partnership. The trial court abated the action on both grounds as prayed. From such action plaintiff and interveners appeal.

It is immaterial whether the action of the trial court in abating the action pending appeal from the ruling on the motion for more specific statement was proper. The action was just as effectively abated for the second reason.

We are not now confronted with the question whether a receiver appointed to wind up the affairs of a partnership can maintain an action against the partners to make funds with which to pay partnership debts. The question is whether under the facts in this case the action of the trial court in abating the action until the liquidation of the partnership assets was proper. The parties have narrowed this question in argument until the problem requiring solution is whether under the facts pleaded plaintiff was entitled to proceed to the trial of the case.

A receiver appointed by a court to liquidate the affairs of a partnership may not in every case bring suit against the partners to procure funds with which to pay partnership debts. Whether the

receiver can maintain such action against the partners over objection on the part of the partner to the capacity of the receiver to maintain such suit is subject to grave doubt. Bierma v. Ellis, 212 Iowa 366, 236 N. W. 402. If such action can be maintained, its commencement and subsequent prosecution are matters resting largely within the discretion of the trial court. In the case before us the action was commenced under order of court by the temporary receiver and before final judgment in the action for the appointment of the receiver. No complaint is made of this. The case is before us on the pleadings. The petition alleges merely that the partnership was indebted in the sum of $125,891.08. The plea, resulting in the order complained of, alleges that the receiver has in his possession unliquidated assets of greater value than the debts of the partnership. In this situation, and with no further showing, it is difficult to understand why the receiver should not proceed with the liquidation of the partnership before proceeding with the suit against the partners.

Plaintiff and interveners rely strongly on Bierma v. Ellis, supra, and Ellis v. Citizens Bank, 218 Iowa 750, 251 N. W. 744. In these cases the right of the receiver to maintain and prosecute the action against the partners was not questioned by the partners. In the case before us the partners have asked that the prosecution of the suit be delayed until the partnership is liquidated. The parties object in different rights. Such cases and the one before us are peculiar in their facts and procedure. Each case, to be understood, must be strictly limited to its facts.

We find no error in the record, and as a consequence the orders appealed from are affirmed.—Affirmed on both appeals.

MITCHELL, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.