IN RE ASSIGNMENT OF W. H. STONE for Benefit of Creditors. IN RE OBJECTIONS to Final Report of CHAS. H. COCHRAN. LINUS PUTZ, Assignee and Objector, Appellant, v. CHAS. H. COCHRAN, Former Assignee, Appellee.

No. 42833.

JANUARY 14, 1936.

M. M. Cooney, and L. H. Sanford, for appellant.

W. H. Antes, for appellee.

DONEGAN, C. J.—On the 12th day of October, 1931, W. H. Stone of Waucoma, Fayette county, Iowa, made a general assignment for benefit of his creditors to Chas. H. Cochran, appellee herein. Prior to such assignment W. H. Stone had conducted a private bank at Waucoma, which was known as the Bank of Waucoma, and the assets of this bank were included in the assignment to Cochran. On the date of the assignment the Bank of Waucoma had on deposit with the Winneshiek County State Bank of Decorah, Iowa, a balance of $2,636.02. About the 15th day of October, 1931, Cochran talked to some of the officers of the Winneshiek County State Bank in regard to said bank furnishing security for the deposit of the Bank of Waucoma, which was then under his control as assignee, and was told that the bank would not furnish such security. On the 17th day of October, 1931, Cochran presented to the district court of Fayette county, Iowa, a petition for authority to deposit funds. Such petition alleged that among the assets coming into his hands as

assignee were cash deposits in the Winneshiek County State Bank of Decorah, Iowa, the Cedar Rapids National Bank of Cedar Rapids, Iowa, and the Continental Illinois Bank & Trust Company of Chicago, Ill.; that there would be additional funds coming into his hands as collections from the assets; that he desired to continue the use of the said three banks as depositaries; and asked that they be designated as depositaries for funds that might come into his hands as assignee, and that he be authorized to deposit all funds in said banks, or either of them. No notice of this petition was given to the creditors of W. H. Stone and, on the 17th day of October, 1931, the judge of the district court of Fayette county entered an order authorizing and directing Cochran, as assignee, to deposit all funds coming into his hands in the said three banks named in the petition. Cochran, as assignee, proceeded to make collections on the assets in his hands, and a portion of the collections thus made was deposited in the Winneshiek County State Bank. On the 15th day of January, 1932, the deposit of Cochran, as assignee, in the Winneshiek County State Bank amounted to $9,689.91. The Winneshiek County State Bank closed its doors on the 30th day of January, 1932. On the 19th day of February, 1932, Cochran filed his resignation as such assignee, to become effective upon the qualification of a successor. On the 24th day of February Linus Putz was appointed and qualified as successor assignee, and on the 26th day of February, 1932, Cochran filed his final report covering the period from his appointment on October 12, 1931, to the close of business on the 23d day of February, 1932. Following the filing of this final report, Linus Putz, the successor assignee, filed objections to its approval, alleging that Cochran, as assignee, and his bondsman were accountable to Putz, as successor assignee, for the full sum of $9,689.91, on deposit in said Winneshiek County State Bank to the credit of said Cochran, as assignee, on the 15th day of January, 1932, when said Winneshiek County State Bank closed its doors. The grounds upon which Putz, the successor assignee, based his objections and asked that Cochran and his bondsman should be required to pay said sum of money to him, as successor assignee, were substantially that the said Cochran, as assignee, had failed to comply with the requirements of the law in securing the order of the court designating the said Winneshiek County State Bank as a depositary; that said Cochran had allowed funds in his hands as

assignee to remain in said Winneshiek County State Bank and had deposited additional funds therein, without making any investigation as to the soundness and solvency of said Winneshiek County State Bank, without securing a depository bond with collateral, and without exercising the ordinary prudence or diligence that a man acting in his capacity should exercise.

The matter was tried to the court, and on the 2d day of March, 1934, the court entered a judgment and decree dismissing the objections of the successor assignee and approving the final report of Cochran, as assignee. From such judgment and decree the successor assignee, Linus Putz, appeals.

I. One of the propositions presented by appellant for reversing the judgment and decree of the trial court is that the order of court authorizing appellee to use the Winneshiek County State Bank as a depositary was an *ex parte* order procured without notice, was a fraud upon the court, and was not a compliance with section 9285 of the 1931 Code of Iowa. That the order was not procured pursuant to the provisions of section 9285 of the Code is admitted. If such order had been procured pursuant to such statutory provision, there would be no further liability upon the part of the appellee as to funds deposited pursuant to such order. It is well settled, however, that said statute is not mandatory but merely permissive, and that a failure to procure such order does not *ipso facto* impose a personal liability on the fiduciary. See section 9285, 1931 Code of Iowa; Andrew v. Sac County State Bank, 205 Iowa 1248, 218 N. W. 24; Robinson v. Irwin, 204 Iowa 98, 214 N. W. 696; In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35.

We cannot agree with the appellant that there was any fraud connected with the procuring of this order, and we think that, under the holdings of this court, the duty imposed upon the assignee was simply that he use such reasonable care in looking after the funds which came into his hands, as would be exercised by a person of ordinary prudence. 5 C. J. 1227; Officer v. Officer, 120 Iowa 389, 94 N. W. 947, 98 Am. St. Rep. 365; In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35; 24 C. J. 50; Hunt v. Hopley, 120 Iowa 695, 95 N. W. 205.

II. In entering its judgment and decree the trial court made a finding of facts. It is contended by the appellant that this finding of facts is not binding upon this court, because this is a proceeding in equity and is triable *de novo* in this court.

Appellee, on the other hand, contends that the proceeding is at law and that the finding of facts made by the trial court must be given the effect of the verdict of a jury and, being supported by substantial evidence, cannot be attacked upon appeal. There seems to be no specific statutory provision from which it can be determined whether controverted matters arising out of an assignment for benefit of creditors are to be treated as at law or in equity, and neither of the parties has cited any case which specifically decides this precise question.

In re Lounsberry, 208 Iowa 596, 226 N. W. 140, 142, it is stated that: ''The assignee in this state has the status of an officer of the court analogous to that of a receiver.'' And in Ellis v. Citizens Bank of Carlisle, 218 Iowa 750, 251 N. W. 744, 746, it is said that: ''Under the Iowa practice, the receiver is appointed in an equity court and is an arm of the court.'' Appellee contends, however, that the proceedings in an assignment for benefit of creditors are analogous to those in probate proceedings, that the duties of the assignee are similar to those of fiduciaries in probate matters, and that proceedings in probate matters being at law, and the findings of fact made by the trial court being supported by sufficient evidence, such findings cannot be reviewed by this court. In view of the pronouncement of this court in the Lounsberry and Ellis cases, supra, we are inclined to the view that an assignment for the benefit of creditors, being analogous to a receivership, should be considered as in equity. In any event, however, we think the record sufficiently shows that the matter was treated as in equity by the parties and by the lower court, and that, as it comes to us, it presents equitable issues and should be tried *de novo* upon this appeal.

III. It is contended by the appellant that the burden of proof was upon the appellee to sustain his right to the approval of his final report, and that the evidence presented upon the trial of the case shows that the appellee has failed to sustain this burden. While appellant contends that he nowhere has admitted, and does not now admit, that the sole question before the court was whether or not the appellee had exercised that reasonable care which a person of ordinary prudence would exercise, the record shows that this was the proposition presented to the trial court, and, in our opinion, it is the only proposition, as to the degree of care which should have been exercised by the

appellee, that has been presented or could be presented to this court. Many witnesses were called and considerable evidence presented on this proposition on the trial of the case. It is, of course, impracticable to review such evidence in detail.

Appellant contends that the appellee was negligent in leaving the deposit in the Decorah Bank, because there were rumors that said bank was not good; because the deposits in said bank were shrinking rapidly; because the banking conditions during the period involved were critical; because many banks were closing; because it was the practice and custom in the northeastern portion of the state, where the assignment was made and where the Winneshiek County State Bank was located, to protect such deposits with collateral security; because there was a vault containing a screw door safe in the Bank of Waucoma where such funds could safely be kept; and because the appellee placed no personal reliance in the Winneshiek County State Bank.

Appellee, on the other hand, presented evidence that the assignee had no personal knowledge of the insolvency of the Winneshiek County State Bank; that after his appointment he made inquiry of the cashier of the Bank of Waucoma, of which he was the assignee, in regard to the solvency of the Winneshiek County State Bank and of the advisability of depositing funds therein, and was advised that it was considered a reliable depositary; that he had known of the Winneshiek County State Bank for several years prior to his appointment as assignee, and that it had always borne the reputation of being a strong and reliable bank; that he had for several years and during his incumbency as assignee examined the semiannual published reports of said bank, and that from such reports he had reached and had ground for reaching the conclusion that it was a safe and reliable depositary; that the Bank of Waucoma, of which he was assignee, had used said depositary for years prior to his appointment as assignee; that, in leaving the deposit in the Winneshiek County State Bank, in procuring the order of court naming it as a depositary, and in adding to the deposits therein at the time of his appointment, he was acting honestly and according to his best judgment; and that, in so doing, he did not fail to exercise the reasonable care that a person of ordinary prudence would exercise under the circumstances.

We think the evidence in the case is sufficient to show that the Winneshiek County State Bank was regarded as one of the

strong banking institutions of the northeastern portion of the state of Iowa; and that, although, during the period of appellee's incumbency as assignee, other banks had been failing throughout the northeastern and other parts of the state, the conditions then existing were not·such that the appellee, as an ordinarily prudent person was bound to withdraw the funds in his hands from this bank. We cannot agree with the appellant's argument that the safe in the vault in the Bank of Waucoma would have been a safer place to keep the deposit than the bank in which he placed it. If these funds had been placed in that safe and had been lost by reason of burglary or robbery, it might, we think, be claimed with better reason than is here presented, that the appellee was negligent in exposing them to this danger. While many banks were failing during the time in question, it cannot be said that people generally realized, or should have realized, that many of the banks which were still operating were insolvent or would be compelled to close their doors. If each person who left a deposit in a bank that later failed can be said to have been negligent in so doing, then it would seem that there were more negligent depositors in many of these banks than there were people who exercised ordinary prudence. A consideration of all of the evidence leads us to the conclusion that the appellee was not guilty of any such negligence as would make him personally liable for the total amount of the funds on deposit by him in the Winneshiek County State Bank, and the judgment and decree of the trial court is therefore affirmed.—Affirmed.

ANDERSON, PARSONS, HAMILTON, MITCHELL, POWERS, RICHARDS, and ALBERT, JJ., concur.