GRACE B. SKINNER, individually and as Executrix of the Last Will and Testament of Walter B. Skinner, deceased, appellees, v. POLK COUNTY, appellant.

No. 49802.

(Reported in 98 N.W.2d 749)

OCTOBER 20, 1959.

Ray Hanrahan, County Attorney, A. R. Shepherd and C. L. Becker, Assistant County Attorneys, all of Des Moines, for appellant.

Watson & Herrick and Watson, Elgin & Hoyman, all of Indianola, for appellees.

GARFIELD, J.—This is an appeal by Polk County, defendant-condemnor, from a district court order fixing compensation of $10,441 for the taking of a 7-acre strip across plaintiffs' farm for a new highway. The award of the commission or "sheriff's jury" was $4921. Plaintiff-owners appealed to the district court where trial resulted in a jury verdict for the $10,441.

Plaintiffs' farm, of 226 acres, is irregular in shape. The east boundary is straight, the west boundary uneven. It is about a mile long north and south. The south portion of about 150 acres is, roughly, a half mile wide, east and west. The north 80-acre tract is one-fourth mile wide, east and west. The main set of buildings is near the east line, a little over one-fourth mile north of the southeast corner of the farm. An old county road runs straight east and west across the center of the 150-acre tract. The Wabash railroad runs generally east and west across the farm, about parallel with and a short distance north of the old road.

The new paved highway runs in a curving diagonal direction, generally east and west, through the north half of the 150 acres. It enters the farm from the west just north of the railroad, curves to the north and leaves the farm at its east line a short distance north of the main buildings, separating them from the north 110 acres.

The farm is used largely as a dairy farm. Defendant con-

structed a pass for cattle under the new highway and a road to and from the pass to permit passage from the vicinity of the buildings to the north part of the farm. The underpass is too small to accommodate farm machinery. And the cattle must now be driven between the barns and pasture north of the new highway.

I. Defendant-appellant first assigns error in the court's refusal to permit the filing of an amendment to its answer to conform to the proof. Eleven days before trial commenced defendant amended its answer by adding three paragraphs. Paragraph 6 alleged that before the new highway was built the only direct path available to plaintiffs to travel from the buildings to pasture land to the north ran across land not owned by plaintiffs and the improvements constructed by defendant made this unnecessary. At the close of the evidence defendant offered another amendment to conform to the proof, in mitigation of damages and to amplify paragraph 6 of the first amendment, alleging that the path previously used between the buildings and pasture ran for about 100 yards along a county road. It is the refusal of this later amendment that is complained of.

Trial courts have a broad discretion, in furtherance of justice, to permit or deny amendments to pleadings, including those to conform to the proof and which do not substantially change the claim or defense. Rule 88, Rules of Civil Procedure; Morf v. Washburn, 250 Iowa 759, 761, 94 N.W.2d 756, 757; Brown v. Schmitz, 237 Iowa 418, 423, 22 N.W.2d 340, 343, and citations; Webber v. E. K. Larimer Hdwe. Co., 234 Iowa 1381, 1389, 15 N.W.2d 286, 290.

We think there was no abuse of such discretion here and defendant suffered little if any prejudice from the ruling. The amendment alleged merely an evidentiary fact in support of defendant's denial of a claim of damage. It is of the kind which need not, and ordinarily should not, be pleaded. Day v. Power, 219 Iowa 138, 140, 141, 257 N.W. 187; Mutual Ben. Life Ins. Co. v. Steckel, Iowa, 280 N.W. 523, 524; Jeez v. McDonald Mfg. Co., 179 Iowa 193, 212, 213, 161 N.W. 62; 41 Am. Jur., Pleading, section 8; 71 C. J. S., Pleading, section 12 ("A pleading should allege the ultimate facts to be established, and not the matters of evidence tending to establish them * * *.").

The proof referred to in the second amendment remained in the record for all purposes and, if the jury followed the court's instructions, it was considered together with all the other evidence. It is unnecessary to decide whether the court's ruling may be sustained on the ground the amendment pleaded an advantage to plaintiffs on account of the improvement which Article I, section 18, of our State Constitution, states shall not be considered in assessing condemnation damages.

II. Defendant's second assigned error is the omission from the statement of issues in the instructions to the jury of the alleged issue raised by the second amendment to answer. If, as we hold, refusal of this amendment was not an abuse of discretion it is obvious the court properly declined to refer to its allegations as an issue. The issues stated in the instructions included those contained in the first amendment to answer.

III. Defendant now objects to a statement in instruction 12 to the jury. No objection to the instruction was made in the trial court in the time required by rule 196, Rules of Civil Procedure, before the instructions were read to the jury— or, for that matter, at any later time. Defendant is not entitled to have its belated objection considered here. Rule 196, R. C. P.; Mongar v. Barnard, 248 Iowa 899, 911, 82 N.W.2d 765, 773, and citations; Plumb v. Minneapolis & St. L. Ry. Co., 249 Iowa 1187, 1199, 91 N.W.2d 380, 388.

IV. Defendant contends the verdict of $10,441 is so grossly excessive as to indicate that the jury failed to comprehend the facts and the court's instructions, and acted with passion, prejudice and against the weight of the evidence. Although the verdict is large it has substantial support in the evidence and was approved by the experienced trial court. We are not persuaded the verdict should be disturbed here as excessive.

Some well qualified experts on value testified at length upon the trial. One fixed the difference in reasonable market value of the farm just before and just after the condemnation at $12,800, another at $13,800, others at $10,000 and $9,290 respectively.

As stated, seven acres were appropriated for the highway. Three hundred rods of new fence are required. Separation of

the main buildings from the pasture and hay land to the north constitutes a considerable element of damage. The farm is best adapted for use as a dairy farm and supplies Grade A milk to the city of Des Moines. There is evidence that before the new highway was built the cows could be turned out at the barns to find their way to the pasture. Now—as stated—they must be driven between the two places. Water from the new grade accumulates in the barn lot. It is dangerous to cross the new highway with farm machinery, partly because of limited visibility. The diagonal direction of the highway makes "point rows" in cultivated fields through which it runs. At defendant's request the jury viewed the premises to enable it to better understand the testimony.

See in support of our holding in this division Hostert v. Iowa State Highway Comm., 250 Iowa 253, 93 N.W.2d 773, and citations.

The main precedent on which defendant seems to rely is Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734, where the trial court granted a new trial because he felt the verdict was so excessive as to indicate the jury failed to comprehend the facts and the court's instructions. We held, two judges dissenting, the ruling was not an abuse of discretion.

■ We do not have the question here whether the trial court would have abused his discretion in granting a new trial on such a ground as formed the basis for the ruling in the Hall case. "It is well-settled that the discretion of the trial court to order a new trial is greater than that of this court. We interfere reluctantly and infrequently with such an order." In re Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 536, 47 N.W.2d 162, 163; Hall v. West Des Moines, supra, at page 469 of 245 Iowa, page 740 of 62 N.W.2d. And see precedents cited in the Iowa-Illinois opinion, supra.—Affirmed.

All JUSTICES concur.