**Johannes MILLER, Appellee,**

v.

**Miriam L. SCHOLTE and Kampe E. Scholte, Appellants.**

**No. 54688.**

Supreme Court of Iowa.

Nov. 11, 1971.

Hopkins, Bump & Huebner, Des Moines, and Claassen, Krueter, Ibeling & Mitchell, Cedar Rapids, for appellants.

Lundy, Butler, Wilson & Hall, Eldora, for appellee.

MASON, Justice.

This law action for damages arises from a collision at an uncontrolled intersection in a residential district in Ackley between an automobile operated by plaintiff, Johannes Miller, and another driven by defendant, Miriam L. Scholte, and owned by both defendants. As a result of the impact plaintiff received personal injuries and property damage. Trial to a jury resulted in a plaintiff's verdict for $15,000 on which judgment was entered. Defendants' motion for new trial was overruled and they appeal.

Eighth Avenue, a public street in Ackley, runs east and west and is intersected at right angles by Mitchell Street running north and south. As indicated, there were no traffic control signs of any kind at the intersection.

About 4 p. m. April 17, 1969, Miller, driving his automobile west on Eighth Avenue, approached Mitchell Street from the east. At the same time Mrs. Scholte driving north on Mitchell Street approached Eighth Avenue from the south and drove into the intersection and struck plaintiff's automobile on the left side about the middle of the body with the front of her car.

In his petition plaintiff alleged as a basis for recovery six specific acts of negligence against Mrs. Scholte as the proximate cause of the collision. Defendants in answer to the petition, after admitting some allegations and denying others, affirmatively alleged that a proximate cause of the collision was plaintiff's negligence in one or more of the following particulars:

"(a) In failing to keep a proper lookout.

"(b) In failing to have his vehicle under control.

"(c) In traveling at a rate of speed which was excessive under the circumstances.

"(d) In failing to reduce the speed of his vehicle to a reasonable and proper rate when approaching and traversing an intersection."

In instructions relating to plaintiff's theory of recovery the court submitted four of the specifications of negligence alleged by plaintiff including his assertion Mrs. Scholte was negligent in failing to yield the right of way to his vehicle. Questions of proximate cause and damages were also submitted.

As bearing on defendants' affirmative defense, the court instructed on their allegation plaintiff was negligent in failing to maintain a proper lookout and on the issue whether such negligence was a proximate cause of damages claimed by Miller.

Defendants assign five errors relied on for reversal in which they contend the court erred in: (1) refusing to admit evidence offered by defendants concerning habits and custom of residents in Ackley with regard to yielding the right of way at the accident intersection; (2) overruling defendants' motion for new trial based on this ground; (3) overruling defendants' objection to instruction 9 for the reason the court stated the amount of the prayer of plaintiff's petition in the challenged instruction; (4) overruling defendants' motion for new trial on this ground and (5) overruling

their motion for new trial based on the contention the verdict was excessive.

I. Defendants argue their first two assignments in one division. They point out their principal defense was plaintiff's negligence in failing to maintain a proper lookout.

In instruction 11 dealing with plaintiff's duty to maintain a proper lookout the jury was told:

"In deciding whether plaintiff exercised ordinary care in keeping a proper lookout you should take into consideration that he had the directional right of way at the intersection involved and was entitled to assume that the right of way would be accorded him until he knew or reasonably should have known otherwise."

Defendants insist the existence of the custom to yield to traffic on Mitchell Street at this uncontrolled intersection was admissible on the issue of plaintiff's right to assume the right-of-way would be accorded him. Miller had lived only two blocks from the intersection involved for 17 to 18 years. From this, defendants argue the jury could properly find Miller knew or should have known of the custom and taken its existence into consideration in keeping a lookout. In other words, defendants maintain existence of the custom and Miller's knowledge of it were proper matters for jury consideration in determining whether Miller had exercised the care of the ordinarily prudent person under the circumstances in maintaining a lookout.

Defendants also maintain that in a negligence case evidence of custom is admissible though not plead.

Plaintiff, on the other hand, in one argument in support of the court's ruling challenged by this assignment asserts evidence of custom was not admissible under the facts of this case since violation of the yielding statute is negligence per se and evidence of a custom to yield contrary to the statute would be inadmissible.

The statute referred to, section 321.319, The Code, then provided:

"Approaching or entering intersections. Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. * * *"

In Langner v. Caviness, 238 Iowa 774, 778–781, 28 N.W.2d 421, 423–425, this court in considering an allegation of custom plead by defendant said that subject to certain qualifications it is well settled that upon the issue of negligence and contributory negligence evidence of custom in the performance of similar acts, while not a conclusive test, is generally admissible and conformity with custom is some proof of due care and nonconformity, some proof of negligence. However, we expressly pointed out a pleaded custom cannot be invoked to supersede or nullify a statute and where there is a conflict between a statutory provision and a custom, the statute must control.

Defendants recognize these pronouncements but make it clear they are not contending evidence of custom to yield at the intersection is admissible as tending to excuse their alleged violation of the quoted section. As stated, they do maintain evidence as to custom was competent and material for jury consideration in determining the issue whether plaintiff had exercised ordinary care in maintaining a lookout in view of the custom to yield.

Defendants rely on these statements from Langner v. Caviness, supra, in arguing this contention.

"All motorists are under a two-fold duty: to comply with applicable traffic regulations and to exercise the care of the ordinarily prudent person under the circumstances. The requisite degree of care in the performance of the second duty is measured by the care ordinarily exercised under such conditions. On the question whether plaintiff performed the second of these two duties defendants were entitled to offer evidence of what was usual and customary under like circumstances.

" * * * A motorist who complies with statutory provisions does not necessarily exercise such care. Statutes, in effect, prescribe only the minimum of prudent conduct. The jury could properly find mere compliance with the statute was not ordinary care on plaintiff's part under the circumstances here, including the pleaded custom, if it were established and if it were further shown plaintiff knew, or in the exercise of reasonable care should have known of it."

We have no quarrel with the principle enunciated in the cited case. The question is whether the record made at trial permits defendants to take advantage of the holding.

The first problem is whether evidence of custom to yield is admissible as bearing on the question whether plaintiff exercised ordinary care in maintaining a proper lookout in view of the existing custom under the issues presented by the pleadings.

When Langner v. Caviness was decided it was the law in Iowa in negligence cases that plaintiff had the burden to plead and prove his freedom from negligence contributing in any way or any degree directly to the accident causing his injury. There, defendant answering plaintiff's allegation of freedom from contributory negligence *alleged* as a defense existence of the custom to yield among truck drivers under the circumstances involved.

Since July 4, 1965, by reason of enactment of section 619.17, The Code, where a defendant relies upon negligence of plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of plaintiff, if any, and that it was a proximate cause of the injury or damages.

As will be noted from the specification of negligence alleged in defendants' answer

set out, supra, defendants did not rely on a general allegation of plaintiff's negligence as a proximate cause of his damages in asserting this affirmative defense as in Cavanaugh v. Jepson, 167 N.W.2d 616, 620–621, (Iowa 1969). Instead, they elected to specify four particular respects in which they contend his negligence was a proximate cause of his damages.

In this connection plaintiff argues that since defendants elected to plead specific acts of negligence, they cannot introduce evidence unrelated to the specifications plead. He contends because defendants did not plead his failure to yield the right of way pursuant to a custom claimed to exist at the intersection, the court properly excluded evidence relative to the custom.

■ Ordinarily, in a negligence case where a defendant asserts plaintiff's negligence as a complete defense or bar to recovery elects or is required by court ruling to plead the specifications of negligence relied on to establish the defense, he cannot depart from the issues thus tendered in the process of proving such affirmative defense. This means only competent evidence bearing on one of the specifications thus alleged is admissible. In support of the statement see Kelly v. Muscatine, B. & S. R. Co., 195 Iowa 17, 21, 191 N.W. 525, 527; Bauer v. Reavell, 219 Iowa 1212, 1219, 260 N.W. 39, 43; Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, 837; Reich v. Miller, 260 Iowa 929, 936, 151 N.W.2d 605, 609.

The same principle is stated in this manner in 65A C.J.S. Negligence section 201 (2):

"In an action for injuries or damages caused by negligence, the issues are confined to those raised by the pleadings of the parties, and plaintiff may prove and rely for recovery only on the cause of action or theory presented by his pleadings. The evidence offered must be limited to the issues made by the pleadings, that is, the proofs must correspond, at least in sub-

stance, to the pleadings, and a cause of injury or ground of recovery different from the one alleged may not be proved or relied on." See also 41 Am.Jur., Pleading, sections 362–369.

■ Earlier in this division, attention was called to defendants' contention that it is not necessary to plead evidence of custom as a foundation for its admissibility. It is true a party is not required or permitted to plead evidential facts. Leasure v. Boie, 142 Iowa 284, 287, 120 N.W. 643, 644; Skinner v. Polk County, 250 Iowa 1264, 1266, 98 N.W.2d 749, 751. However, neither defendants' argument nor the principle just stated takes into account the requirement that the ultimate facts upon which the offered evidence bears must be plead.

■ This court has repeatedly said the pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts. Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 367, 132 N.W.2d 436, 444; In Re Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522, 525, (Iowa 1968); McCarthy v. McCarthy, 162 N.W.2d 444, 447, (Iowa 1968); Hagenson v. United Telephone Company, 164 N.W.2d 853, 855, (Iowa 1969).

" * * * Where, however, the ultimate fact is not pleaded, evidence of a custom, also not pleaded, is inadmissible as proof of an evidentiary fact tending to prove an ultimate fact." 38 Am.Jur., Negligence, section 267. (The publishers indicate this section will appear under the title "Pleading" in Am.Jur.2d.).

In the case before us, the ultimate fact relied on by defendants as the very basis of their affirmative defense is plaintiff's failure to yield the right of way pursuant to a custom claimed to exist at the accident intersection. It is not contended the cus-

tom involved was of such nature a court would take judicial notice of its existence.

Although defendants did not specifically plead plaintiff failed to yield the right of way as a specification of plaintiff's negligence, they do contend by specifically pleading plaintiff failed to maintain a proper lookout they have alleged an ultimate fact on which evidence of custom to yield bears.

It is clear from the record materiality of the evidence for this purpose was not apparent to the trial court.

This contention presents the second problem—whether defendants' counsel sufficiently advised the court and opposing counsel, after objection was sustained to defendants' examination of Russell, the limited purpose for which they were offering evidence of custom, the limited purpose being whether plaintiff exercised ordinary care in keeping a proper lookout.

Some background giving rise to the court's exclusion of the evidence is appropriate at this point.

Defendants offered Sherman Russell, Ackley Chief of Police, as a witness. He was questioned concerning whether he had given some thought to issuing a ticket as a result of the accident. When he replied he had, he was asked to whom he had initially intended to give the ticket. At this point, plaintiff's objection was sustained. After some colloquy between court and counsel the court said: "The only matter that's admissible as to the charge is, and has been, the matter of the disposition of the charge."

When defendants' counsel advised the court he wished to make a record, the jury was excused and counsel proceeded to examine the police chief as to issuance of a traffic ticket. In the offer of proof, Russell was specifically asked if he had intended to issue a ticket to the plaintiff and he answered he had since he thought there was a yield sign at the intersection. However, his investigation revealed there were no signs. Russell was then asked if he had any knowledge relative to the habit and custom of people in the Ackley community yielding to traffic on Mitchell Street. The court then permitted plaintiff's counsel to reserve objection until the offer was completed. Russell testified it had been customary for people in Ackley to treat Mitchell as a thru street. When the offer was completed plaintiff renewed his objection which was sustained.

Before the jury was returned defendants' counsel advised the court it was his understanding evidence of this nature was admissible as a fact and circumstance to be taken into account by drivers in the operation of automobiles. Although it couldn't be used to excuse violation of a statute, counsel maintains it was a fact which the jury was entitled to take into account. The court made the comment that the officer's intent in issuing a ticket was entirely incompetent and irrelevant to any issue for jury consideration.

Both parties spend a good deal of time in written argument concerning the manner in which defendants made their offer of proof now claimed to have been erroneously excluded. As to the requirements of an offer of proof see McCormick on Evidence, section 51. In considering the issue raised by defendants' contention we assume without deciding the offer was free of plaintiff's objections and that there was sufficient evidence in the record to generate a jury issue on plaintiff's knowledge of the claimed custom.

The court's ruling on defendants' motion for new trial has this statement:

"The proffered evidence went to the nature of the street rather than any custom of drivers on 8th Avenue yielding to those on Mitchell Street. It appeared to the court —and still does—that the offer was made under some theory that although the evidence couldn't excuse a statutory violation it could mitigate a driver's statutory duty. *The offer was not limited to a custom of yielding nor to the issue of the drivers' com-*

*mon law duty of lookout, the only common law duty involved in the case.*" (emphasis supplied)

As stated, defendants make it clear in this court they are here contending evidence of custom was being offered as material and competent for jury consideration in resolving the issue whether plaintiff had exercised ordinary care in maintaining a lookout in view of the custom to yield. However, it is obvious from the emphasized portion quoted from the court's ruling on their motion for new trial they did not make a sufficient showing at trial to alert the court of the limited purpose for which they were proposing evidence of custom in view of the issues formed by the pleadings.

Defendants did not plead plaintiff failed to yield the right of way pursuant to a custom in existence at the intersection and now seek to claim admissibility for the limited purpose stated by reason of their specification plaintiff failed to maintain a proper lookout.

What this court said in Lemke v. Mueller, 166 N.W.2d 860, 870–871, (Iowa 1969), relative to the duty of a party seeking to introduce evidence to which objection has been sustained when the materiality is not apparent, to disclose what he expects to prove and thus make its materiality appear is direct support for the trial court's denial of motion for new trial.

II. In the second division of their written brief and argument defendants combine their three remaining assignments of error.

Defendants admit the error asserted based on the court's statement of plaintiff's prayer in instruction 9 is not prejudicial unless it appears the verdict was excessive.

We therefore first consider the claim of excessiveness.

In this connection we must take the evidence in the aspect most favorable to plaintiff which it will reasonably bear. We must also give weight to the fact the trial court with benefit of seeing and hearing the witnesses, observing the jury and having before it all incidents of the trial did not see fit to interfere. Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 718, 107 N.W.2d 85, 92; Miller v. Young, 168 N.W.2d 45, 52, (Iowa 1969).

At time of accident plaintiff was 71 and at time of trial, 72. He had a life expectancy of 9.15 years. Plaintiff had been a truck driver most of his life driving for other truck owners. Since reaching 65, he had his own truck and worked for himself until January 1969, a few months before the accident giving rise to this lawsuit.

The winter before the accident plaintiff had talked to a Mr. Holcomb about returning to work around May 1 as a truck driver. He was to work seven or eight months at $2.50 per hour and planned to work as much as 70 hours a week.

In the accident he received a fractured cheek bone and a bruised chest. At the time of trial plaintiff was still experiencing some pain above the right ear which his doctor testified was permanent. He had incurred doctor and hospital bills and loss of wages. His specials totaled $6910.45 which left approximately $8000 for pain and suffering including face surgery and personal disability to the extent he could not perform manual labor as before the accident.

In Mazur v. Grantham, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813–814, we said:

"In considering the size of verdicts we have repeatedly referred to passion and prejudice, shock the conscience, failure to administer substantial justice, the rule of fair compensation, and lack of support in the evidence. [citing authorities] It seems fundamental the most important of these is support in the evidence. If the verdict has supports in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certain-

ly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question." See also Mabrier v. A. M. Servicing Corporation of Raytown, 161 N.W.2d 180, 183, (Iowa 1968); Wilson v. Jefferson Transportation Co., 163 N.W.2d 367, 374, (Iowa 1968).

The verdict is within a reasonable range as indicated by the evidence. We decline to interfere with what is primarily a jury question.

Having arrived at the conclusion the verdict is not excessive, we do not reach defendants' other assignments of error.

The case is

Affirmed.

All Justices concur.